## PETERSEN v. TAYLOR.*

### No. 15,116; June 12, 1893.

#### 33 Pac. 436.

**Action for Trust Funds — Sufficiency of Evidence.**—Plaintiff alleged that defendant collected money .belonging to another, and agreed to hold it till a dispute as to its ownership was settled, giving a written acknowledgment that he so held it; that such dispute was settled; and the assignment of claimants' rights to plaintiff. Defendant's answer admitted receipt of the money, but denied plaintiff's other averments. Defendant also pleaded a former judgment on the same cause of action. Plaintiff put in evidence defendant's written acknowledgment and the assignments to himself, and one of his assignors testified that defendant had not paid the money. Defendant did not put in evidence any memorandum of settlement, nor the judgment pleaded by him. He admitted his signature to the acknowledgment, but said that he had no memory of the matter, and he failed to contradict any of plaintiff's testimony. Held, that a verdict for defendant was not justified.

**Trust—Limitation of Actions.**—A Certificate That the Maker thereof holds certain money to abide settlement of disputes as to its ownership creates an express trust, with no definite time fixed for its termination by payment, and hence limitations will not run against a claim on such certificate until the true owner has been ascertained, and a demand made by one showing a right to the money.

APPEAL from Superior Court, City and County of San Francisco; J. P. Hoge, Judge.

Action by H. M. Petersen against Joseph W. Taylor. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Nagle & Nagle for appellant; J. C. Bates for respondent.

HAYNES, C.—Appeal from judgment and from an order denying a new trial. The complaint states three causes of action, the second and third, however, being different counts upon the same matter. The first cause of action is to recover

---

*Rehearing granted and judgment and order denying a new trial affirmed: 100 Cal. xviii, 34 Pac. 724.

$125, moneys alleged to have been received by defendant for the use of plaintiff on the —— day of December, 1887. The first count on the second cause of action is for moneys had and received, amounting to $655, and the second count is for the same sum, alleging the facts substantially as follows: That on July 2, 1884, defendant collected from the city of San Francisco said sum on two certain judgments, one in favor of B. Bonnett, and the other of C. H. Parker; that defendant agreed to hold said money until certain disputes should be settled between B. Bonnett and Eli Bonnett as to which was entitled to the money, whereupon defendant signed and delivered to Eli Bonnett, for the benefit of all parties, the following paper:

"This is to certify that I have the sum of $655, collected from the city and county of San Francisco in the suits of B. Bonnett and C. H. Parker against the city and county of San Francisco, claimed by Eli Bonnett, but attached in the suits of Petersen vs. Bonnett, as the money of B. Bonnett, to abide settlement or suit against me to determine the ownership of said sum.

"[Signed]     JOS. W. TAYLOR.

"July 2, 1884."

It was further alleged that all disputes about the ownership had been settled, and all claims of Eli and B. Bonnett thereto had been sold and assigned to plaintiff, and on or about December 1, 1887, plaintiff notified defendant thereof, and demanded payment. To the first cause of action the defendant answered, denying the facts alleged, and pleaded the statute of limitations, and made a like answer and plea to the first count of the second cause of action. To the second count he answered, admitting that on July 2, 1884, he collected in his own right in the cases mentioned $12,000, but denied that he agreed to hold the $655 until certain or any disputes should be settled between the Bonnetts; admitted that he signed and delivered the writing set forth in the complaint; alleged that all disputes concerning the same were settled July 8, 1884, by release in writing, as follows:

"We have this day settled all our affairs, and the judgments in the actions of B. Bonnett vs. The City and County

of San Francisco, and C. H. Parker vs. The City and County of San Francisco, belong to Jos. W. Taylor.

" [Signed]      B. BONNETT.

"ELI BONNETT.

"JOSEPH W. TAYLOR."

He also denied the assignment of the claims of said money to plaintiff, or that anything was due under it, and pleaded the statute of limitations. For a separate defense defendant pleaded two several judgments in his favor against the plaintiff in actions brought by the plaintiff against him upon the same cause of action. The cause was tried without a jury, findings were waived, and judgment went in favor of defendant for costs.

Appellant contends that the evidence does not justify the decision, specifying several particulars. As to the first cause of action the testimony was confused, indefinite, and conflicting. We cannot say that the conclusion reached by the court as to that cause of action is not justified by the evidence. As to the remaining cause of action we come to the opposite conclusion. Plaintiff put in evidence the paper set out in the complaint, and the several assignments from Eli and B. Bonnett indorsed thereon, showing that he had the sole ownership thereof, and of all moneys mentioned therein. This, of itself, made a prima facie case for the plaintiff; but, in addition, B. Bonnett (called by the plaintiff) testified to the facts and circumstances of the transaction, and that said sum had not been paid. The defendant did not put in evidence the memorandum of settlement made by him with the Bonnetts, nor give any testimony tending to show that it included the money in question, nor did he put in evidence either of the judgments pleaded in bar of the action. These averments in the answer are deemed denied, and the burden was on defendant to prove them. Neither the answer nor the copy of any paper therein is evidence for any purpose. The defendant was examined as a witness in his own behalf, and admitted his signature to the paper set out in the complaint, and said, in substance, that he knew nothing about the suits mentioned in it; did not remember that he had anything to do with them, or whether the money was attached in his hands. This was all

the testimony on the part of the defendant as to either count of the second cause of action. He did not in any manner refer to the testimony of B. Bonnett, nor contradict nor explain any of the facts or circumstances testified to by him, and which, with the written instrument referred to, was quite sufficient to require a judgment for the plaintiff. Nor does it appear that this cause of action was barred by the statute. The evidence discloses the fact that a contract for street work was assigned to defendant by Eli Bonnett, upon which defendant had advanced some $4,000; and when the money was collected by defendant there was a balance in his hands of about $3,500. An attachment had been served on $655 of it, based upon a claim that it, the money attached, belonged to B. Bonnett. Defendant paid Eli Bonnett the balance in his hands except $655, and executed the paper set out in the complaint. This money was retained by defendant with the consent of Eli Bonnett, and, as the testimony shows, actually belonged to him, though claimed by Petersen, the plaintiff here, as well as the defendant, to belong to B. Bonnett, against whom the attachment was issued. Whether the circumstances under which defendant originally received the money constituted him a trustee or not, the instrument signed by him constituted an express trust, with no definite time fixed for its termination by payment. The statute, therefore, did not run until notice of the settlement and demand of payment: Wright v. Ross, 36 Cal. 433. By the terms of the instrument he was a mere custodian of the money until the true owner was ascertained, and not until a demand made by one who showed a right to the money was he in default; nor is he chargeable with interest prior to the date of the demand and refusal. The judgment and order appealed from should be reversed, and a new trial granted as to the second and third causes of action only.

We concur: Searls, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial is granted as to the second and third causes of action only.